IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ASHLEY FIELDS,

    Plaintiff

v.                                                            C.A. No.: 4:18-cv-805

VICTIMS ASSISTANCE CENTRE, INC., and,
MARINELLE TIMMONS,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY FIELDS, by and through her undersigned counsel, hereby sues Defendants, VICTIMS ASSISTANCE CENTRE, INC., and MARINELLE TIMMONS, and in support thereof states as follows:

## BACKGROUND FACTS

1. Plaintiff, ASHLEY FIELDS, is an individual residing in Houston, Texas.

2. From 2016, until April of 2017, and from November of 2017 until January 22, 2018, Plaintiff, ASHLEY FIELDS, worked for Defendant, VICTIMS ASSISTANCE CENTRE, INC., as a site coordinator.

3. Plaintiff's duties included the regular and recurring use of the channels of interstate commerce.

4. Defendants, MARINELLE TIMMONS, is an individual who at all

times relevant to this matter acted directly or indirectly in the interest of Defendant, VICTIMS ASSISTANCE CENTRE, INC., in relationship to Plaintiff.

5. Defendant, MARINELLE TIMMONS, is the owner of Defendant, VICTIMS ASSISTANCE CENTRE, INC.

6. Defendants, MARINELLE TIMMONS, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

7. Defendant, VICTIMS ASSISTANCE CENTRE, INC., operates a non-profit company primarily engaged in community service activities and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, VICTIMS ASSISTANCE CENTRE, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, VICTIMS ASSISTANCE CENTRE, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, VICTIMS ASSISTANCE CENTRE, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## COUNT I
## MINIMUM WAGE UNDER FLSA

11. Plaintiff, ASHLEY FIELDS, re-alleges and incorporates herein paragraphs 1-10, *supra*.

12. This is an action for minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

13. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b).

14. Venue is proper in this district under 28 U.S.C. § 1391.

15. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

16. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout her employment, Plaintiff was individually covered under the FLSA.

17. At all times material to this complaint, Defendants, MARINELLE TIMMONS, operated a business in Harris County, Texas, and Plaintiff's claims herein arose in Harris County, Texas.

18. At all times material hereto, Defendants, MARINELLE TIMMONS, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's

rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendants, MARINELLE TIMMONS, was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

19. Plaintiff worked for Defendants from December 16, 2017, until January 22, 2018, but was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek.

20. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. Defendants have willfully failed to pay Plaintiff minimum wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

23. As a result of Defendants' unlawful conduct, Plaintiff, ASHLEY FIELDS, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ASHLEY FIELDS, demand Judgment, jointly and severally, against Defendants, VICTIMS ASSISTANCE CENTRE, INC., and MARINELLE TIMMONS, for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## TEXAS MINIMUM WAGE ACT

25. Plaintiff, ASHLEY FIELDS, re-alleges and incorporates herein paragraphs 1-10, and 19, *supra*.

26. This is an action for violation of the Texas Minimum Wage Act, TEX. LABOR CODE § 62 ("TMWA"), to recover unpaid minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

27. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).Defendants are subject to the TMWA because, during all times relevant to this Complaint, they both qualified under TEX. LABOR CODE § 62.002(6) as employers because they were persons acting directly or indirectly in the interest of an employer in relation to an employee.

28. Defendants were substantially in control of the terms and conditions of the Plaintiff's work in Ellis County.

29. Defendants directed Plaintiff in the performance of her duties.

30. Defendants handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's "employer."

31. Plaintiff qualifies as an employee because she was an individual employed by Defendants since she was permitted to work.

32. The TMWA requires an employer to pay each employee the federal minimum wage of $7.25 per hour worked under the Fair Labor Standards Act of 138, 29 U.S.C. § 206.

33. Defendants acted willfully and in conscious disregard of the law and of Plaintiff's rights under the TMWA.

34. As a result of the unlawful conduct of Defendants, Plaintiff is entitled to recover from Defendants actual and compensatory damages, including all unpaid

minimum wages owed to Plaintiff.

35. Under the provisions of the TMWA, TEX. LABOR CODE § 62.201, Defendants are liable to Plaintiff not only for unpaid minimum wages but also for an additional equal amount as liquidated damages.

36. Under the provisions of the TMWA, TEX. LABOR CODE § 62.205, Plaintiff is entitled to compensation from Defendants of the out-of-pocket expenses and costs of court she has incurred and will incur in this action and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ASHLEY FIELDS, demand Judgment, jointly and severally, against Defendants, VICTIMS ASSISTANCE CENTRE, INC., and MARINELLE TIMMONS, for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to TEX. LABOR CODE § 62.205 and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, ASHLEY FIELDS, demands a jury trial on all issues so triable.

Respectfully submitted March 14, 2018.

                          **ROSS LAW GROUP**

                          _____

                          **CHARLES L. SCALISE**
                          Texas Bar No. 24064621
                          Attorney-in-Charge
                          1104 San Antonio Street
                          Austin, Texas 78701
                          (512) 474-7677 Telephone
                          (512) 474-5306 Facsimile
                          Charles@rosslawgroup.com
                          Attorneys for Plaintiff

## **VERIFICATION**

     I, ASHLEY FIELDS, Plaintiff in this action, have read the above and foregoing Verified Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

_____
ASHLEY FIELDS, Plaintiff

EXECUTED on this the 14th day of __March__, 2018.